**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SEVEN NETWORKS, LLC** | |
| **Plaintiff,** | **Civil Action No.  3:21-cv-1036** |
| **v.** | |
| **MOTOROLA MOBILITY LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## AGREED PROTECTIVE ORDER

**Proceedings and Information Governed.**

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action.  The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced, given, or filed in this action that are designated by a party as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Confidential Source Code" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, (a) the "Confidential Information" designation

means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade-secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, and (c) the "Confidential Source Code" designation means extremely sensitive, highly-confidential, and non-public computer source code, including any developer comments or revision histories in the source code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Confidential Information, Confidential Attorney Eyes Only Information, and Confidential Source Code does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.     Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Source Code by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL SOURCE CODE
SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party may remedy the inadvertent failure to designate as provided in Section III.D.6 of the parties' Joint Report Regarding Contents of the Scheduling Order.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective

Order.

**Inadvertent Failure to Designate.**

4.     The inadvertent failure to designate or withhold any information as confidential or privileged will be governed by Section III.D.6 of the parties' Joint Report Regarding Contents of the Scheduling Order.

**Challenge to Confidentiality Designations.**

5.     A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time frame, and after the conference required under Local Rule 7.1(a), the receiving party may thereafter seek an order to alter the confidential status of the designated information within ten (10) days after the Local Rule 7.1(a) conference. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order based on its designation.

**Disclosure and Use of Confidential Information.**

6.     Information designated as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7.      Subject to paragraph 8 below, Confidential Information, Confidential Attorney Eyes Only  Information, or Confidential Source Code may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a)     outside counsel for the receiving party and their supporting personnel such as paralegals, legal secretaries, data-entry clerks, legal clerks, and private photocopying and litigation support services;

(b)     experts or consultants—but no more than 6 total receiving party experts or consultants may view the producing party's Confidential Source Code;[1] and

(c)     any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

(d)     those individuals designated in paragraph 10(c).

8.      Further, prior to disclosing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant containing the expert's complete education and employment history and all of the information specified by Rule 26(a)(2)(b)(iv)-(v), the expert or consultant's current business

---

[1] If an expert or consultant that is designated as one of the 6 able to view source code becomes unavailable due to unforeseen circumstances, the party that retained the expert or consultant shall have a reasonable ability to designate a replacement.

affiliation, and any current and past consulting relationships.[2] If the producing party believes that the disclosure is inadequate, it must notify the receiving party within five (5) business days. Once the proposed expert or consultant is fully disclosed pursuant to this paragraph, the producing party will thereafter have ten (10) business days to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. The parties shall meet and confer in good faith to resolve any objection within ten (10) business days of the objection. If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter within ten (10) business days after the conference required by Local Rule 7.1(a). There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

9.      Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

10.      Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a)      the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b)      the person is the designating party, or is a director, officer, employee, consultant,

---

[2] For clarification, a consulting relationship is not merely serving as an expert witness in a litigation.

or agent of the designating party; or

(c)      counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may otherwise be made under and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Nonparty Information.**

11.      The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

12.      If any party wishes to submit Confidential Information or Confidential Attorney Eyes Only Information to the Court, the submission must be filed using the *Sealed* and/or *Ex Parte Motion* event. The word "*Sealed*" must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge).  Submission of Confidential Source Code to the Court is governed by paragraphs 25-26 below.

13.      Producing or receiving Confidential Information, Confidential Attorney Eyes Only Information, Confidential Source Code, or otherwise complying with the terms of this

Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**<u>Conclusion of Litigation.</u>**

14.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain one copy of all court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**<u>Other Proceedings.</u>**

15.     By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this

Protective Order who may be subject to a motion to disclose another party or third party's information designated Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code pursuant to this Protective Order must promptly notify that party or third party of the motion so that the party or third party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

16.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

17.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**Source Code.**

18.     Protected Material designated as Confidential Source Code shall be subject to all of the protections afforded to Confidential Attorney Eyes Only information, including the Prosecution Bar set forth in Paragraph 28 below and the Acquisition Bar set forth in Paragraph 29 below, and may be disclosed only as set forth in Paragraph 8 above.

19.     Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, in person at the Texas office of outside counsel if this case remains pending in Texas.  If the case is transferred out of Texas, the parties need not continue to host in-person review in Texas if it is impractical, and will

meet and confer in an effort to agree upon another reasonable review location. The parties may also make the code available at any other mutually agreed upon location. The source code shall be made available for inspection on two secured computers (the "Source Code Computers") in a secured, locked room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party will make a good faith effort to provide legitimate review tools to the Source Code Computers as requested by the receiving party. The receiving party shall provide a license to the requested review tools should the producing party not already have one. The Source Code Computers shall have disk encryption and be password protected, and the producing party may lock all input/output ports on the Source Code Computers. Except as provided in paragraph 22, use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Source Code Computers. All persons entering the locked room containing the Source Code Computers must submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computers will be made available for inspection during regular business hours (9:00 A.M. to 5:00 P.M. local time), upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

20. No person shall copy, e-mail, transmit, upload, download, print, photograph or

otherwise duplicate any portion of the designated Confidential Source Code, except that the receiving party may request a reasonable amount of paper copies of portions of source code.[3] The receiving party shall not request paper copies for the purposes of reviewing Confidential Source Code other than electronically as set forth in paragraph 19 above in the first instance. Within 5 business days, the producing party will provide five (5) copy sets of the requested material on watermarked or colored paper bearing Bates numbers and the legend "Confidential Source Code" unless objected to as discussed below. The producing party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary by filing a motion with the Court within ten days of the request. Contested printouts do not need to be produced to the receiving party until the matter is resolved by the Court.

21.     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated Confidential Source Code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Except as provided in paragraphs 25-26 below, the receiving party shall not create any electronic

---

[3] The parties agree to meet and confer in an effort to agree upon reasonable printing limits for Confidential Source Code after they have a chance to review one another's productions of Confidential Source Code. If the parties are unable to agree upon such printing limits before either of them makes a source code print request, then, at any other time, either party may unilaterally seek a further Court Order to (1) impose printing limits or (2) block a source code print request.

or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as Confidential Source Code may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.  Any paper copies used during a deposition shall be retrieved by the receiving party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

22.    The producing party will provide the requesting party's expert(s) a break room (*e.g.*, to make phone calls and work) for each day of the code review during normal business hours, to the extent available.  The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  In order to take notes during the review, the requesting party's expert(s) are entitled to use one computer per expert/consultant ("expert's computer").  The receiving party and its expert(s) are responsible to provide their own expert's computer for note taking.  Each expert's computer must have the network drive permanently uninstalled so that it cannot be connected to the Internet. Upon request, the receiving party shall allow the producing party to inspect the expert's computer to ensure that the network drive is uninstalled.  Further, each expert's computer must have all of its external ports, adapters, and cameras disabled at all times, except as immediately follows in this paragraph.  Upon request, the receiving party shall allow the producing party to inspect the expert's computer to ensure that all of its external ports, adapters, and cameras are disabled.  At the end of each review day, the requesting party's expert must notify the receiving party that s/he is finished with review for the day, and show the receiving party that the external ports, adapters,

and cameras on the expert's computer remain disabled.  Only then, under the supervision of the receiving party, the expert may take the expert's computer to the break room, enable the USB port, immediately move his or her notes from the expert's computer to an external USB drive, and then immediately re-disable the USB port and return the expert's computer to the source code review room.  At no other time may any external ports, adapters, or cameras be enabled on the expert's computer, and at no other time may the expert's computer leave the source code review room.  Except for the expert's computer for taking notes during the review, no other recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the source code review room.  Counsel for the producing party is not permitted to review any notes made by the receiving party.  No copies of all or any portion of the Confidential Source Code may leave the room in which the Source Code Computer is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Confidential Source Code is permitted except as otherwise provided herein.

23.     A list of names of persons who will view the Confidential Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The receiving party shall maintain a log of the names of persons who enter the locked room to view the Confidential Source Code and the times when they start and end their review each day.  For clarity, the receiving party need not log the other times when the reviewer leaves or enters the locked room during the course of a review day—*i.e.*, to use the restroom, eat a meal, make a phone call, etc.—the receiving party only needs to log the start and end time of each day's review.  If the reviewer leaves the locked room during the course of a day's review, the reviewer shall lock the Source Code Computers and the producing party's outside counsel and/or support

personnel may enter the locked room to ensure that the Source Code Computers are locked.

24.     The receiving party's outside counsel shall maintain a log of all copies of any other party's Confidential Source Code that are delivered by the receiving party to any person.  The log shall include the names of the recipients and reviewers of such copies, and the locations where the copies are stored.  The receiving party, including its authorized experts and consultants, agrees to store all copies of a producing party's Confidential Source Code in a locked room or locked cabinet at all times when it is not in active use or in transit as permitted by the terms of this Protective Order.

25.     Except as provided in this paragraph, the receiving party may not create electronic images, or any other images, of the Confidential Source Code from the paper copy for use on a computer (*e.g.*, the receiving party may not scan the source code to a PDF, or photograph the source code).  The receiving party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document,[4] deposition transcript, other Court document, or any drafts of these documents[5] (collectively "SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Confidential Source Code is used.  Images or copies of Confidential Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving party may create an electronic image of a selected portion of the Confidential Source Code only when the

---

[4] For clarity, the term "discovery document" as used herein does not mean a document for production, but rather refers to documents such as written contentions or other written discovery responses.

[5] Drafts shall only include those excerpts the receiving party believes will be included in the final version.

electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  Notwithstanding the previous sentence, the parties may submit unencrypted electronic files that contain Confidential Source Code to a court only if submitting encrypted electronic files is not permitted or reasonably practical—in such cases, the parties must, in good faith, minimize the amount of Confidential Source Code in such submissions.  The communication and/or disclosure of electronic files containing any portion of Confidential Source Code shall at all times be limited to individuals who are authorized to see Confidential Source Code under the provisions of this Protective Order.  Additionally, all electronic copies must be labeled "Confidential Source Code."

26.     To the extent portions of source code are quoted in a discovery document SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as Confidential Source Code or (2) those pages containing quoted Confidential Source Code will be separately bound, and stamped and treated as Confidential Source Code.  To the extent portions of source code are quoted in a document for production, only those portions containing quoted Confidential Source Code will be separately redacted and treated as Confidential Source Code.  In that instance, a copy of the document with only the Confidential Source Code redacted shall be produced under the appropriate designation, and the producing party will make an unredacted copy of the document available on the Source Code Computers subject to the restrictions in this Protective Order regarding Confidential Source Code.

27.     The receiving party shall maintain a log of all electronic images and paper copies of Confidential Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

28.     At least five (5) business days in advance of the date upon which the receiving party wishes to use the source code computers, the receiving party shall identify the licensed software tools it wishes to have installed and available for use on the source code computers, and provide, on a CDROM or other medium, a properly licensed copy of the software it requests to be installed. Any costs associated with acquiring licenses to requested software tools shall be borne by the receiving party. In the event that there are issues concerning the installation or use of such tool, the parties, and their technical staff, shall meet and confer promptly to resolve such issues. The parties agree that the following software tools are pre-approved for the purposes of this Action. However, no party provides any warranty or representation about the functionality or compatibility of any of the following tools with the Source Code Computers. To the extent other tools are requested, the producing party should not unreasonably withhold installation of such tools, but under no circumstances may any tools be installed on the Source Code Computers that can be used to translate source code on the review computers into a format such as assembly language, object code, or machine code to create an executable. If after meeting and conferring, the parties cannot resolve an objection to a source code tool, the producing party shall move for a protective order within five (5) days:

- SlickEdit (http://www.slickedit.com)
- Understand (http://www.scitools.com)
- Beyond Compare (http://www.scootersoftware.com)
- Acrobat Reader (http://get.adobe.com/reader)
- Eclipse    (https://www.eclipse.org/downloads/packages/release/2019-03/r/eclipse-ide-cc-developers)
- Cygwin (http://www.cygwin.com)
- Notepad++ (https://notepad-plus-plus.org/download/v7.4.2.html)
- PowerGrep (http://www.powergrep.com)
- CLOC (https://sourceforge.net/projects/cloc/files/cloc/v1.64)
- Microsoft  Office  (https://products.office.com/en-us/compare-allmicrosoft-office-products)

**Prosecution Bar.**

29.      Absent written consent from the producing party, any individual who receives access to Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code (other than financial information) shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the claimed inventions of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"), as well as any patents or patent applications owned by Motorola or Lenovo relating to the subject matter of the claimed inventions of the patents-in-suit.  For purposes of this paragraph, "prosecution" includes, for example, original prosecution, reissue, and reexamination proceedings and means directly or indirectly drafting, amending, or advising others as to the drafting or amending of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review, or covered business method review). This Prosecution Bar shall begin when access to Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code (other than financial information) is first received by the affected individual and shall end for the affected individual eighteen (18) months after final termination of this action.

**Signed May 24, 2022.**

**David C. Godbey**
**United States District Judge**

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SEVEN NETWORKS, LLC** | |
| **Plaintiff,** | **Civil Action No.  3:21-cv-1036** |
| **v.** | |
| **MOTOROLA MOBILITY LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,CONSULTANT**
**OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Confidential Source Code," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons

other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code, or by order of the presiding judge. I also agree to notify any stenographic, clerical, or technical personnel who assist me with my work in this case of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code are to be destroyed or returned to counsel who provided me with such documents and materials.

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SEVEN NETWORKS, LLC** | |
| **Plaintiff,** | **Civil Action No.  3:21-cv-1036** |
| **v.** | |
| **MOTOROLA MOBILITY LLC** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "ConfidentialAttorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code disclosed to mepursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any ofthis information to persons

other than those specifically authorized by the Protective Order, without the expresswritten consent of the party who designated the information as confidential or by order of the presiding judge.