IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-01036-N |
| | § | |
| MOTOROLA MOBILITY LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Motorola Mobility LLC's ("Motorola") motion to compel Plaintiff SEVEN Networks, LLC ("SEVEN") to supplement its preliminary infringement contentions [71].  For the reasons below, the Court denies the motion.

### I. Origins of the Motion

Plaintiff SEVEN Networks LLC ("SEVEN") owns several patents dealing with power-saving functionalities for electronic devices.  SEVEN previously filed patent infringement lawsuits against nonparty Google LLC ("Google") alleging certain functionalities in Google's Android smartphone operating system infringed SEVEN's patents.[1]  SEVEN then filed this patent infringement lawsuit against Motorola, a manufacturer and seller of smart phones that run Android.  SEVEN served its preliminary

---

[1] The two lawsuits between SEVEN and Google were filed in the Eastern District of Texas, styled *SEVEN Networks, LLC v. Google LLC*, No. 2:17-cv-00442-JRG and *SEVEN Networks, LLC v. Google LLC*, No. 2:18-cv-00477-JRG.

infringement contentions, and Motorola now moves to compel SEVEN to supplement its contentions in various ways.

## II. Legal Standard For Infringement Contentions

The Local Patent Rules govern the requirements for infringement contentions in patent cases. *CommScope Techs. LLC v. Dali Wireless, Inc.*, 2018 WL 4566130, at *1 (N.D. Tex. 2018) (unpub.). "The purpose of infringement contentions is to provide notice of a plaintiff's specific theories of infringement" — streamlining discovery and ultimately narrowing the issues for trial. *Id.* Miscellaneous Order 62 sets out the required contents of preliminary infringement contentions in this District. In relevant part, the Order requires that infringement contentions contain the following information regarding the plaintiff's theories of infringement:

> (2)   Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each apparatus, product, device, or other instrumentality must be identified by name or model number, if known. Each process, method, or act must be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed process, method, or act;
>
> (3)   A chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(f), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function[.]

Misc. Order 62 ¶ 3-1(a)(2)–(3). Additionally, preliminary infringement contentions must state for "any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." *Id.* ¶ 3-1(a)(5).

ORDER – PAGE 2

## III. THE COURT DENIES THE MOTION

Motorola argues that SEVEN's preliminary infringement contentions are deficient because they: (1) do not include a claim chart for each version of Android; (2) fail to include sufficient detail in the claim charts to comply with the specificity requirements of Miscellaneous Order 62; (3) fail to adequately explain SEVEN's vicarious infringement theories; and (4) fail to specify which provisional application SEVEN relies upon for claimed priority dates. However, Motorola has failed to show that SEVEN's preliminary infringement contentions are insufficient under Miscellaneous Order 62.

### A. Some of the Information Motorola Seeks Should Be Obtained via Ordinary Discovery

The Court first addresses two categories of information Motorola seeks to obtain through this motion that are not required in the infringement contentions and should be obtained via ordinary discovery: the particular provisional applications relied upon for priority dates and details regarding SEVEN's vicarious infringement theories.

Motorola argues that SEVEN's disclosure of claimed priority dates is not enough because the patents in suit have complex prosecution histories that include multiple applications filed on the same date. According to Motorola, under these circumstances SEVEN must disclose which specific applications it relies upon so that Motorola can adequately assess the claims of priority. However, pursuant to the plain text of Miscellaneous Order 62, the infringement contentions need only contain the claimed priority date: "For any patent that claims priority to an earlier application, *the priority date* to which each asserted claim allegedly is entitled." Misc. Order 62 ¶ 3-1(a)(5) (emphasis

ORDER – PAGE 3

added). The Court therefore declines to order supplemented preliminary infringement contentions that state which particular applications SEVEN relies upon for its priority claims.

Similarly, the information Motorola seeks regarding SEVEN's vicarious liability theories is not a required part of preliminary infringement contentions under Miscellaneous Order 62. Motorola seeks a specific explanation of how Motorola's conduct meets the relevant legal test. But there is no explicit requirement in the local patent rules that infringement contentions describe acts of alleged indirect infringement. *See iLife Techs., Inc. v. Nintendo of Am., Inc.*, 2017 U.S. Dist. LEXIS 87769, at *67 (N.D. Tex. 2017) (unpub.) (distinguishing the Northern District of Texas's local patent rules from those of other districts). Rather, SEVEN need only put Motorola on notice of the underlying direct infringement on which SEVEN's indirect infringement claims are based. *See id.* at *69. Because Miscellaneous Order 62 does not require preliminary infringement contentions to include a specific explanation of indirect infringement theories, the Court denies the motion as to Motorola's request for supplemental contentions regarding vicarious liability.

### B. SEVEN Does Not Need to Provide a Separate Claim Chart for Every Version of Android

Motorola also argues SEVEN's contentions should include separate claim charts for each version of Android alleged to enable the infringement rather than referring to only one version of Android. SEVEN responds that providing separate claim charts for each software version is unnecessary because the charts already provided adequately identify where each element of the asserted patents is found within the accused instrumentalities,

ORDER – PAGE 4

i.e., Motorola's mobile phones. Nothing in the record on this motion suggests that the differences between Android versions are material to this case. Thus, the Court agrees with SEVEN that a chart for each software version is not necessary to meet the requirements of Miscellaneous Order 62.

Further, the Court rejects Motorola's argument that SEVEN must provide a "detailed and specific explanation of how and why it believes that Android 9.0.0 is representative of each of the other accused Android software versions." Mot. to Compel at 6. SEVEN's use of a particular Android version in the infringement contentions is an implicit contention that it is representative of the relevant software in this case. Absent some indication that the differences between versions are relevant, the Court sees no reason to compel SEVEN to produce essentially duplicative charts for all versions of Android. The Court therefore denies the motion as to its request for an order compelling SEVEN to provide claim charts for each version of Android.

### C. *Motorola Has Not Shown SEVEN's Preliminary Infringement Contentions Fail to Satisfy the Specificity Requirements of Miscellaneous Order 62*

The only remaining issue, then, is the sufficiency of SEVEN's preliminary infringement contentions under the specificity requirements outlined in Miscellaneous Order 62. As explained below, Motorola has failed to demonstrate the contentions are inadequate.

Motorola's argument on this point primarily focuses on the lack of explanation accompanying screenshots of Android source code that SEVEN included in the claim charts. The Court agrees that the source code itself, which is included in the charts with

ORDER – PAGE 5

little or no explanation, does not satisfy the notice requirement for infringement contentions. But the local rules do not specifically require SEVEN's infringement contentions to include source code or an explanation of it. *See Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, 2016 WL 2907735, at *1 (N.D. Tex. 2016) (unpub.) (noting that the scope of infringement contentions and expert reports is not coextensive and that infringement contentions "need not disclose specific evidence"); *iLife Techs., Inc.*, 2017 U.S. Dist. LEXIS 87769, at *62–63 (same); *see also Fenner Invs., Ltd. v. Hewlett-Packard Co.*, 2010 WL 786606, at *2 (E.D. Tex. 2010) (same). So SEVEN's inclusion of source code screenshots and string citations to source code files (however unhelpful they may be) does not warrant an order compelling SEVEN to explain them further. The issue is whether the information in the charts as a whole adequately identifies where each element of the asserted claims is found in the accused Motorola products.

Motorola points out that courts in this District have held infringement contentions are inadequate when they include little more than parroted claim language and unexplained excerpts from product literature (or source code). *See* Mot. to Compel at 10–11. The Court agrees that such "bare bones" explanations are inadequate under Miscellaneous Order 62, at least where the excerpts do not straightforwardly explain the plaintiff's theory. *See, e.g.*, *Commscope Techs. LLC*, 2018 WL 4566130, at *4 (holding a plaintiff's infringement contentions did not satisfy Miscellaneous Order 62 where "the examples provided by [the defendant] sufficiently prove[d] that [the plaintiff] did little more than copy-and-paste language from [the defendant's] product literature and the Court's claim constructions into the charts").

ORDER – PAGE 6

However, Motorola has not shown SEVEN's claim charts contain so little information that they fail to explain where the claim elements are present in the accused products. While the claim charts do generally begin each section by repeating the relevant claim language, the sampling of the charts reviewed by the Court reveals that they also provide more than just claim language and context-free excerpts. The charts' sections for each patent claim element generally appear to describe, for example, the functions within the Android platform in which SEVEN contends the claim element is present. *See, e.g.*, Def.'s App. 1238–39 [72-4] (explaining that the predetermined time delay for a data transfer described in the claim element is present in Android's "Doze" function and "setMinimumLatency method"). Motorola does not adequately explain what information it contends SEVEN omitted improperly other than the details Motorola seeks about the source code references discussed above. Nor does Motorola detail how the information included in the charts other than the source code references fails to apprise Motorola of SEVEN's infringement theories regarding specific claim elements. For all the reasons above, Motorola has not shown SEVEN's preliminary infringement contentions are inadequate under Miscellaneous Order 62.

## CONCLUSION

Because Motorola has not shown SEVEN's preliminary infringement contentions are inadequate under the Local Patent Rules, the Court denies Motorola's motion to compel supplemental infringement contentions.

Signed August 16, 2022.

_____
David C. Godbey
United States District Judge