IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SEVEN NETWORKS, LLC**<br><br>    Plaintiff,<br><br>v.<br><br>**MOTOROLA MOBILITY LLC**<br><br>    Defendant. | Civil Action No. 3:21-cv-1036-N<br><br><br>JURY TRIAL DEMANDED |

## AGREED E-DISCOVERY ORDER

The Court ORDERS as follows:

1. This order supplements all other discovery rules and orders. It is intended to streamline production of Electronically Stored Information ("ESI") to promote a just, speedy, and inexpensive determination of this action, as required by Rule 1 of the Federal Rules of Civil Procedure.

2. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

3. Absent a showing of good cause, general ESI production requests under Rules 34 and 45 of the Federal Rules of Civil Procedure, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

4. Absent agreement of the parties or further order of this Court, the following

parameters shall apply to ESI production:

    A.    **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B.    **Text-Searchable Documents.** No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    C.    **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

    D.    **Native Files.** A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format unless such requests from the receiving party are excessive or otherwise not in good faith, at which point the parties will meet and confer regarding ways to alleviate or shift the burden of such requests.

    E.    **No Backup Restoration Required.** Absent a showing of good cause, no

party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

        F.      **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

        5.      General ESI production requests under Rules 34 and 45 of the Federal Rules of Civil Procedure, or compliance with a mandatory disclosure order of this Court, shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests.

        6.      Email production requests shall be phased to occur timely after the parties have exchanged (1) initial disclosures, (2) a specific listing of likely email custodians, (3) a specific identification of the ten most significant listed email custodians in view of the pleaded claims and defenses,[1] (4) infringement contentions and accompanying documents pursuant to Miscellaneous Order No. 62 paragraphs 3-1 and 3-2, (5) invalidity contentions and accompanying documents pursuant to Miscellaneous Order No. 62 paragraphs 3-3 and 3-4, and (6) preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, Miscellaneous Order No. 62, or by order of the Court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for email production requests. The Court may allow additional discovery upon a showing of good cause.

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

7. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests.

The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer custodians per producing party, upon a showing of a distinct need based on the size, complexity, and issues of this specific case. For clarification, the custodian limits shall apply to the party and any affiliates, owners, or related entities combined, not each separately.

8. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon a showing of a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless the words or phrases are variants of the same word or phrase. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. For clarification, a reasonable disjunctive combination of multiple words or phrases that is used to

narrow a search term shall not count as a separate search term. For example, narrowing "computer" to "computer and (system or device)" counts as a single search term. However, a search term with disjunctive combinations of multiple words on both sides of an AND connector (*i.e.*, "(computer or laptop) and (system or device)") is not one search term. If the producing party objects that a disjunctive combination is unreasonable under this provision, then the receiving party shall either amend the search term or move to compel compliance with the allegedly unreasonable term.

9. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of privileged or work-product-protected documents or ESI does not constitute a waiver in the pending case or in any other federal or state proceeding.

10. The mere production of documents or ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

11. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal Rules, Local Rules, or Miscellaneous Order No. 62.

Signed November 18, 2022.

_____
David C. Godbey
Chief United States District Judge