**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SEVEN NETWORKS, LLC,** | |
| **Plaintiff** | |
| **v.** | **CASE NO. 3:21-cv-1036-N** |
| **MOTOROLA MOBILITY LLC,** | |
| **Defendant.** | |

**UNOPPOSED MOTION FOR LEAVE FOR SEVEN TO AMEND INFRINGEMENT**
**CONTENTIONS TO ADD A NEW PRODUCT**

## I.    INTRODUCTION

SEVEN seeks leave to amend its infringement contentions to add the Moto G Play (2024), released after SEVEN last moved to amend its infringement contentions on November 6, 2023. *See* Dkt. 223.  Motorola does not oppose this amendment.  The Court has previously granted SEVEN's similar requests.  *See* Dkt 126; Dkt. 161; Dkt. 232.

## II.    BACKGROUND

### A.    SEVEN's Infringement Contentions

On March 29, 2022, SEVEN timely served its P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions.  On February 27, 2023, and again on June 9, 2023 and November 6, 2023, the Court granted leave to amend SEVEN's contentions to add newly-released products or otherwise clarify its contentions.  Dkt. 126; Dkt. 161; Dkt. 232.  On December 18, 2023, SEVEN served its third amended infringement contentions to list additional accused products which were announced and/or released in the U.S. after June 2023 and to clarify its contentions as to the Moto G Stylus 5G. Ex. 2. In its contentions, SEVEN expressly identified certain models of Motorola phones, and also accused any other Motorola phone "with reasonably similar functionality, including any additional Motorola products using" Android versions 6 and later.  Ex. 2 at APPX037.

### B.    The Pertinent Motorola Products

SEVEN seeks to amend its infringement contentions to list the additional accused product Moto G Play (2024).

## III.    LEGAL STANDARD

Amending infringement contentions may be made upon a showing of good cause.  *Youtoo Technologies LLC v. Twitter Inc*., No. 3:16-CV-00764-N, Dkt. 85 at 3 (N.D. Tex. April 6, 2017)

(Godbey, J.) (citing Am. Misc. Order No. 62 ¶ 3-7).  Good cause may include "newly discovered

accused instrumentalities."  *Id.*  Courts generally consider four factors: "(1) the explanation for the

failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential

prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to

cure such prejudice."  *Id.* (citing N.D. Tex. and E.D. Tex. authority).

## IV.   ARGUMENT

Good cause exists for SEVEN to amend its infringement contentions.  Each of the four

factors weighs in favor of amendment, as explained below.

### A.   "The Explanation for the Failure to Meet the Deadline" Weighs in Favor of Granting Leave

SEVEN did not identify the new Moto G Play (2024) in its prior infringement contentions

because this product had not been released or announced at the time.  The Court and Local Rules

expressly state that good cause may be satisfied when there are "newly discovered accused

instrumentalities," which is precisely the case here.  *Youtoo Technologies* at 3; Am Misc. Order

No. 62 ¶ 3-7.

### B.   The Amendment to Add the New Products is Important

The second factor (importance) favors a finding of good cause.  Adding the new Motorola

phone to SEVEN's infringement contentions is important because it will enable SEVEN to seek

redress for all of Motorola's infringing acts during the damages window, without having to file

separate lawsuits or otherwise exert party and Court resources to resolve disputes that can fairly

and efficiently be resolved in this lawsuit.  It will also ensure that Motorola is not able to withhold

relevant discovery on the ground that certain Motorola handsets are allegedly not accused.

### C.   There is no Prejudice to Motorola

The third factor (prejudice) also favors a finding of good cause.  SEVEN is not seeking to

add or change infringement theories in its infringement contentions, but rather accuses the Moto G Play (2024) under the same theories it has already set forth in its existing contentions.  SEVEN alleges that this product infringes in the same way Motorola's other accused products do.  This amendment would not materially change the scope of discovery.  Motorola will need to provide financial information for the Moto G Play (2024) and supplement its responses to Interrogatory 1.  But Motorola will not be required to produce any additional documents about this product, provide any additional depositions about this product, or supplement any other interrogatories unless its interrogatory responses are materially different for the Moto G Play (2024).

### D.      A Continuance is not Required

The Court need not consider a continuance where, as here, there is no prejudice to the non-moving party.  Trial is five months away, on August 12, 2024.  Dkt. 243.  Fact discovery is still ongoing, and no continuance is necessary.  Thus, this weighs in favor of granting leave.

### V.      CONCLUSION

In light of the foregoing, SEVEN requests that the Court grant it leave to amend its infringement contentions to add the Moto G Play (2024).

Dated:  March 20, 2024

Respectfully submitted,

*/s/ Samuel F. Baxter*
Samuel F. Baxter
Lead Attorney
sbaxter@mckoolsmith.com
Jennifer Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Geoffrey Smith
gsmith@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700

Radu Lelutiu
rlelutiu@mckoolsmith.com
Kevin Schubert
kschubert@mckoolsmith.com
Christopher McNett
cmcnett@mckoolsmith.com
MCKOOL SMITH, P.C.
395 9th Avenue, 50th Floor
New York, New York 10001
Telephone: (212) 402-9400

Eric Hansen
ehansen@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000

**ATTORNEYS FOR PLAINTIFF**
**SEVEN NETWORKS, LLC**

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of March, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Kevin Schubert*
Kevin Schubert

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on March 18, 2024, Motorola indicated that it did not oppose this motion.

/s/ *Kevin Schubert*
Kevin Schubert

5